John H. Pennock, J.
This is a motion for summary judgment as a matter of law. The plaintiff brought this action to recover the sum of $667.92 which it claims is excess coverage received by one of the defendants pursuant to another group medical insurance policy written by the Metropolitan Life Insurance Company.
The primary facts are not disputed, but the defendants, husband and wife, urge that there is no privity of contract between the wife and the plaintiff. The plaintiff, Blue Cross of Northeastern New York, Inc., commonly referred to as “ Blue Cross ”, entered into a contract with the President of the New York State Civil Service Commission which provided for health insur *990 anee for employees of the State of New York, their spouses and dependent children. This contract between Blue Cross and the President was effectuated by authority granted by article 11 of the Civil Service Law. Thereafter, these two contracting parties agreed to a restrictive amendment that would prohibit any dependent from receiving any duplicate benefits from any other group health insurance policy. There is no question that the contract and amendment thereto prohibit any manipulation of double coverage that would result in a payment in excess of hospital costs. However, here we have a spouse who has independent employment with the Georgia-Pacific Corporation at Plattsburgh, New York. She has no direct employment relationship with the State of New York. As part of her employment with the G. P. she is covered by a group insurance plan which pays up to $22 per day for daily room and board at a hospital plus other benefits for surgical and doctor bills incurred at hospital. This insurance is a “ spin off ” fringe benefit of her employment and is correlated with life insurance — insurance for death or dismemberment by accidental means, hospital expense insurance, and supplementary hospital benefits for physician attendance and surgical operation insurance.
Now the primary question is whether or not she or her husband, State employee, has to reimburse the Blue Cross the sum of $667.92 which is the claimed duplicate coverage.
In order to grant summary judgment there shall be no issue of fact, but existing facts must be reviewed to determine if such issue exists.
The Blue Cross apparently has a virtual monopoly in respect to hospital plans, at least in the part of the State as indicated by the format of the defendants’ Exhibit “ A ”. I do not infer that it is a monopoly without beneficent aspects which has benefited hospitals, physicians and the patients. This Blue Cross plan is limited in its benefits. For instance in the present case it did not cover the cost of a private room. It was necessary for the defendant spouse to call upon her own policy with the Metropolitan to supply the additional cost of the private room. In fact, if she did not have her personal supplemental policy, her husband would have to pay out of his own pocket the additional expense. Therefore it would appear that the coverage through Blue Cross is inadequate to meet all expenses and a supplemental policy is a reasonable means to obtain the additional coverage. Here the spouse obtained this partial duplicate coverage through her employment and she was paid moneys which to some extent duplicated in part what her husband’s Blue Cross plan provided.
*991 The Blue Cross contends that, ‘ ‘ there is a tendency for some persons to enter a hospital when such admission may not be necessary or, once having been admitted, to stay in the hospital for a period longer than medically necessary, because the patient is able to ‘ make money ’ on each day of hospitalization.” Of course such practice may exist based upon the considered experience of the Blue Cross, and it might also be said that one who has to pay the cost of a private room from one’s own pocket might lead to many vacant private rooms. But this is not the issue. The hospitalization of people is a medical matter. The defendants take the position that the contracts are unilateral as far as the wife is concerned and I am inclined to agree. The State health plan is one adopted pursuant to statute and it must abide by the provisions of the statute which incidently makes no provision for a limitation of health plans. If the Legislature had this in mind it would have so provided. Further, there is a strong inference that the provision which would virtually prohibit a person, whether an employee or a dependent, from entering into supplemental plans, might be construed as an agreement against public policy, as it eliminates a competitive health insurance field by such prohibition and drives a citizen to welfare medical assistance.
There is no such prohibition in the spouse’s plan and thus there is no abridgement of the contract right and liabilities and thus there is no right given to the “ Blue Cross ” to claim the benefit of the spouse’s health insurance contract.
Further in the able brief of the attorney for the plaintiff Blue Cross, it is stated: ‘ ‘ The parties to the contract were the State of New York and the plaintiff. (Blue Cross). They could amend, cancel or otherwise terminate without the consent of the employees.” (State employees.)
This provision within itself is a good reason for a spouse to obtain her own coverage, as the Blue Cross and the State can amend, cancel or otherwise terminate without consent of the State employees covered.
The plaintiff relies on a series of cases involving group insurance conflicts, but all of these cases are based upon group life insurance and not on health insurance which stems from a governmental statute. The Krohn case involves a trust agreement and the instant case lacks such an element. (Krohn v. Steinlauf, 22 Misc 2d 365.)
Article 11 of the Civil Service Law provides for health insurance for State and retired State employees. Section 160 provides for ‘ ‘ Regulations governing the health insurance plan ’ The President of the Civil Service Commission is empowered *992 to establish regulations relating to all aspects of the plan. The President is not made a party to this action nor are the regulations pertaining to the plan before the court. Subdivision 3 of section 161 provides that: 1 ‘ The health insurance plan shall be designed by the president (1) to provide a reasonable relationship between the hospital, surgical and medical benefits to be included, and the expected distribution of expenses of each such type to be incurred by the covered employees and dependents, and (2) to include reasonable controls, which may include deductible and coinsurance provisions applicable to some or all of the benefits ”.
The first question which arises from the foregoing is whether the President is a necessary party to this action. Secondly, whether the provisions of the plan are reasonable controls. In the instant case the Blue Cross has made the determination of the amount of the duplicate benefits and yet it has made no provision for the reimbursement of the premium or any part thereof to the spouse.
Subdivision 5 of section 162 of the Civil Service Law provides in part that: ‘ ‘ Each employee who is covered under any such contract or contracts shall receive a certificate setting forth the benefits to which the employee and his dependents are entitled thereunder, to whom such benefits shall be payable, to whom claims should be submitted, and summarizing the provisions of the contract principally affecting the employee and his dependents. Such certificate shall be in lieu of the certificate which the corporation or corporations issuing such contract or contracts would otherwise issue.”
The defendant State employee denies that he received such a certificate^ which is not refuted by the Blue Cross. The plaintiff urges that the original certificate is sufficiently broad to cover the duplicate benefits. This raises a question of fact as to whether the employee is bound by the provisions as the certificate states, or is it merely evidence of a coverage which not in any way constitutes a contract.
This plan affects thousands of employees of the State of New York, spouses who. may be gainfully employed and those not gainfully employed and dependents. To grant summary judgment would be tantamount to pandemonium. There must be a plenary trial of this important issue and the President should be made a party to guarantee a full disclosure of all the rights a nd liabilities of the parties.
Summary judgment denied.
Cross motion to dismiss denied.